IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | 2:10cr15-RAH-SMD-3 |
| ) | |
| ANTHONY PERRIE TURNER ) | |

**O R D E R**

### I.   Introduction

Several motions are pending before the Court. On February 10, 2025, Defendant Anthony Perrie Turner filed a motion for status (Doc. 257) in which he requested a copy of the docket sheet and an update on his second motion to reduce sentence. The Court construed the motion for status as also including a motion for free copies (Doc. 258) and a motion for CD (Doc. 259). On November 4, 2025, Defendant Turner filed an additional motion for free copies, in which he again requests a copy of the docket sheet in this case in anticipation of filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### II.   Status

It is ORDERED that, to the extent Defendant requests a status report, the Motion (Doc. 257) is GRANTED.

On June 20, 2024, this Court entered an order (Doc. 253) denying Defendant's initial Motion for Sentence Reduction pursuant to Amendment 821. Specifically, the

Court found that, upon considering the factors set forth in 18 U.S.C. § 3553(a), especially the history and characteristics of Defendant and the nature and circumstances of the offenses, a sentence reduction was not warranted.

On June 6, 2025, this Court entered an order (Doc. 261) denying Defendant's Second Motion for Sentence Reduction pursuant to Amendment 821. Specifically, the Court found that it had previously considered and denied his Motion for Sentence Reduction under Amendment 821 of the United States Sentencing Guidelines and that the current motion presented no new grounds for relief. (*Id.*) Consequently, the Court denied the Second Motion for the same reasons previously stated in the Court's June 20, 2024, Order.

### III. Free Copies

To the extent Defendant requests free copies of court records, the motions are due to be denied. An indigent defendant does not have a constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding. *See United States v. MacCollom*, 426 U.S. 317 (1976). Second, his request is premature, because it has been filed in advance of his filing of the § 2241 motion he is contemplating. *See* 28 U.S.C. § 753(f). *See also*, *e.g.*, *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").

Defendant also requests a copy of the Government's response to his motion for a sentence reduction. The Court did not order the Government to file a response and therefore no such response exists.

Accordingly, it is further

ORDERED as follows:

1. To the extent Defendant seeks a copy of the docket report, the Motions (Doc. 258, 262) are GRANTED; and

2. To the extent Defendant seeks free copies of other court records, the Motions (Docs. 258, 259, 262) are DENIED.

The Clerk is DIRECTED to provide a copy of the docket sheet and a copy of the proper form for filing a habeas petition pursuant to 28 U.S.C. § 2241 to Defendant.

DONE, on this the 17th day of December 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE